# EXHIBIT A

FILED

STATE OF INDIANA          )         HAMILTON COUNTY SUPERIOR
COURT                                           ROOM NO. 1
          2011 JUN 21, PM 9: 19

          PEGGY BESSMER
COUNTY OF HAMILTON CLERK        (2)   CAUSE NUMBER: 29D01-1106-PL-5976
          HAMILTON COUNTY COURTS

SAEILO ENTERPRISES, INC.                    )
                                            )
                    Plaintiff,              )
                                            )
                                            )
          v.                                )
                                            )
SCOTTWERX, LLC                              )
                                            )
                    Defendant.              )

## SUMMONS

DEFENDANT:        **Craig Scott,**
                  **Registered Agent,**
                  **3047 Piedmont Ave**
                  **La Crescenta, CA 91214**

          You are hereby notified that you have been sued by the person named as Plaintiff and in the Court
indicated above.
          The nature of the suit against you is stated in the Complaint, which is attached to this Summons.
It also states the relief sought or the demand made against you by Plaintiff.
          An answer or other appropriate response in writing to the Complaint must be filed either by you or
your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-
three (23) days if this Summons was received by mail), or a judgment by default may be rendered against
you for the relief demanded by Plaintiff.
          If you have a claim for relief against Plaintiff arising from the same transaction or occurrence, you
must assert it in your written answer.
          [JUN 22 2011

Dated: _____            _Peggy Beaver_, Clerk
                                    Hamilton County Superior Court No. 1

The following manner of service of Summons is hereby designated:
 _X_   Registered or Certified Mail
 ____  Service on individual at above address:
 ____  Service on agent:
 ____  Service by Publication

_____
Darlene R. Seymour
Atty. No. 23133-49
Attorney for Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that on _____, 2011, I mailed a copy of this summons and

a copy of the complaint to defendant, Scottwerx, LLC, by certified mail, return receipt requested,

at the address furnished.

_____
Clerk of Hamilton County

Dated: _____ day of _____, 2011.


## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that:

(1)  The summons and a copy of the complaint was mailed to defendant, Scottwerx, LLC.

(2)  The attached return receipt was received by me showing that the summons and a copy of the
complaint were mailed to defendant, Scottwerx, LLC and were accepted by

_____ on behalf of said defendant on _____, 2011;

(3)  The attached return receipt was received by me showing that the summons and a copy of the
complaint were returned not accepted on _____.


_____
Clerk of Hamilton County

Dated: _____ day of _____, 2011.

FILED

| | | |
STATE OF INDIANA ) HAMILTON COUNTY SUPERIOR COURT
) ROOM NO. 1
) SS:
COUNTY OF HAMILTON ) CAUSE NUMBER: 29D01-1106-PL- 5970

2011 JUN 21 PM 9:18

PEGGY BEAVER
CLERK
HAMILTON COUNTY COURTS

SAEILO ENTERPRISES, INC. (2) )
)
Plaintiff, )
)
)
v. )
)
SCOTTWERX, LLC )
)
Defendant. )

## COMPLAINT

For this Complaint against Defendant, Scottwerx, LLC ("Scottwerx"), Plaintiff, Saeilo Enterprises, Inc. ("Saeilo") hereby alleges as follows:

### A. SUBSTANCE OF THE ACTION

1. This case involves infringement upon the distinctive and famous trademarks and trade dress used by Saeilo in connection with the sale and promotion of its Thompson firearm products. Defendant's infringement arises out of the unauthorized use of the Tommy Gun trademarks and trade dress on replica firearm kits, advertisements and packaging bearing reproductions of the famous Tommy Gun marks ("infringing items").

2. Defendant's use of the Tommy Gun marks on the infringing items violates Saeilo's rights under federal trademark law, common law and Indiana state law. Saeilo asserts claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and deception. Saeilo seeks a permanent injunction preventing

JUL-13-2011 12:47PM FROM-WILLIAM W HAEFLIGER 626-449-0520 T-128 P.005 F-430

Defendant from using the distinctive Tommy Gun trademarks, along with an award of damages, treble damages, profits, attorney's fees and costs.

## B. THE PARTIES

3. Saeilo is a business organized and existing under the laws of the state of Delaware with its principal office in Pearl River, New York.

4. Defendant Scottwerx is a business organized and existing under the laws of California. Defendant may be served through its registered agent, Craig Scott, 3047 Piedmont Avenue, La Crescenta CA 91214.

## C. JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to Ind. Code § 33-28-1-2 and Ind. Code § 33-33-29-7.

6. Defendant Scottwerx has submitted to this Court's jurisdiction by doing business in the state of Indiana.

7. Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in Hamilton County, Indiana.

## D. GENERAL ALLEGATIONS

### 1. Saeilo's Intellectual Property Rights

8. Saeilo is a diversified manufacturing company consisting of three divisions, including Kahr Arms ("Kahr"), a leading designer and manufacturer of quality firearms.

9. Relative to its firearms business, Saeilo is the exclusive owner of a wide variety of intellectual property rights ('the Saeilo marks"). Included within the Saeilo marks are federal and state registered trademarks, trade dress, copyrights and patents for Kahr's well-known weapon designation marks and weapon designs.

2

10. Relevant to this Complaint, Saeilo owns common law trade dress rights in the design of the Thompson submachine gun, popularly known as the "Tommy Gun". Furthermore, Saeilo is the registrant for federal trademark registration number 2,885,628 for the word mark "Tommy Gun" and the registrant for Indiana state registration numbers, 20090707-13956, 20090707-13957, 20090707-13958 for the Tommy Gun design. These registrations are active and unrevoked, and constitute *prima facie* evidence of Saeilo's ownership of the marks. [See attached, Exhibits A and B] Hereinafter, the Tommy Gun trade dress and trademarks will be collectively referred to as "the Tommy Gun marks".

11. The Tommy Gun marks are distinctive and famous and nonfunctional.

12. Saeilo is engaged in the sale and/or licensing of promotional merchandise, bearing the Tommy Gun marks in Indiana and elsewhere.

13. Saeilo maintains strict control over the quality and nature of its products and items bearing the Tommy Gun marks.

14. Saeilo has invested considerable time and money in advertising the Tommy Gun marks throughout Indiana and elsewhere. As a result of extensive worldwide advertising, the Tommy Gun marks are immediately recognizable.

15. Saeilo has acquired substantial goodwill among consumers.

16. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, the Tommy Gun marks have become highly valuable.

## 2. Defendant's Infringement of Saeilo's Trademark Rights

17. Subsequent to Saeilo's use and registration of the Tommy Gun marks, Defendant began using the Tommy Gun marks or confusingly similar variations of the marks.

18. Defendant has manufactured, produced, advertised and/or sold replica firearm kits

JUL-13-2011  12:48PM   FROM-WILLIAM W HAEFLIGER          626-449-0520        T-128   P.007   F-430

bearing the Tommy Gun marks.  [See attached, Exhibit C]

19. Defendant has not received permission from Saeilo, or anyone acting on Sacilo's behalf, to manufacture, produce, advertise or sell any item bearing the Tommy Gun marks.

20. By manufacturing, producing, advertising and/or selling items bearing the Tommy Gun marks without permission, Defendant has attempted to profit from and capitalize on the trademark rights and substantial goodwill developed by Saeilo.

21. Defendant has willfully and intentionally manufactured, produced, advertised and/or sold products bearing the Tommy Gun marks with knowledge that the Tommy Gun marks are owned by Saeilo.

22. Defendant manufactured, produced, advertised and/or sold items bearing the Tommy Gun marks with knowledge that Defendant's use of the Tommy Gun marks was unauthorized.

23. The manufacture, production, advertisement, and/or sale of items bearing the Tommy Gun marks created a likelihood of consumer confusion.

24. Defendant used the Tommy Gun marks with the intent to confuse and/or deceive consumers.

### E. PLAINTIFF'S CLAIMS

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

25. Sacilo incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

26. Defendant has used in commerce, and in connection with the sale of goods, a reproduction, counterfeit, copy or colorable imitation of the Tommy Gun marks.

27. Defendant has reproduced, counterfeited, copied or imitated the Tommy Gun marks and applied the marks to labels, signs, prints, packages, receptacles or advertisements

4

intended to be used in commerce.

28. Defendant's use of the Tommy Gun marks creates the likelihood of confusion, mistake and/or deception among consumers.

29. Defendant willfully infringed on the trademark rights of Saeilo. Defendant intended to confuse, mistake or deceive consumers.

30. Defendant used the reproductions of the Tommy Gun marks with knowledge that the marks were copies and/or counterfeits.

31. Consumers were initially interested and lured to the infringing items by the similarity to the Tommy Gun marks.

32. As a result of Defendant's infringement, Saeilo has suffered irreparable harm to valuable Tommy Gun marks. Unless Defendant is permanently enjoined from further infringement, Saeilo will continue to suffer irreparable harm.

33. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

34. As a result of Defendant's infringement under 15 U.S.C. § 1114, Saeilo has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT II
### TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

35. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

36. The Tommy Gun marks are the product of creativity and imagination.

37. The Tommy Gun marks are distinctive and famous.

5

38. Defendant adopted the Tommy Gun marks after the marks became famous.

39. Defendant's use of the Tommy Gun marks caused dilution of the marks.

40. Defendant's use of the Tommy Gun marks is commercial and in commerce.

41. Defendant's use of the Tommy Gun marks has weakened the unique association of the marks with Saeilo, as owner of the marks.

42. As a result of Defendant's dilution under 15 U.S.C. § 1125(c), Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks. Unless Defendant is permanently enjoined from further dilution, Saeilo will continue to suffer irreparable harm.

43. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

44. Defendant's dilution of the Tommy Gun marks has caused Saeilo damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

### COUNT III
### FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

45. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

46. Defendant used the Tommy Gun marks in commerce and in connection with the sale of goods or services.

47. Defendant's use of the Tommy Gun marks is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of Defendant with Saeilo; or as to the origin, sponsorship, or approval of Defendant's goods by Saeilo.

48. Defendant's conduct constitutes false or misleading descriptions, false advertising, and

6

false designations of the origin and/or sponsorship of Defendant's goods and constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

49. As a result of Defendant's conduct, Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks. Unless Defendant is permanently enjoined from further false designations, false advertisement and trade dress infringement, Saeilo will continue to suffer irreparable harm.

50. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

51. Defendant's violations of 15 U.S.C. §1125(a) have caused Saeilo to incur damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

52. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

53. Saeilo has the exclusive right to use the Tommy Gun marks or any marks similar thereto in association with the sale of firearms, non-firing guns and related products. As a result of the continued sale of these items by Saeilo, the Tommy Gun marks have become immediately recognizable and Saeilo has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Tommy Gun marks are applied.

54. Saeilo has acquired a reputation among consumers for quality and excellence, and the Tommy Gun marks have come to symbolize that reputation.

7

55. Defendant, with knowledge of and with intentional disregard for the rights of Saeilo, manufactured, produced, advertised and/or sold items using the Tommy Gun marks or confusingly similar imitations thereof.

56. Defendant's use of the Tommy Gun marks has created the likelihood of confusion among consumers.

57. Defendant's acts constitute trademark infringement and willful infringement under the common law.

58. As a result of Defendant's conduct, Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks.  Unless Defendant is permanently enjoined from further infringement, Saeilo will continue to suffer irreparable harm.

59. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

60. As a result of Defendant's infringement, Saeilo has suffered damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

### COUNT V
### UNFAIR COMPETITION

61. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

62. Defendant's unlawful and unauthorized use of the Tommy Gun marks constitutes unfair competition with Saeilo.

63. Defendant's conduct creates consumer confusion as to the source and/or origin of the infringing items.

64. Defendant's use of the Tommy Gun marks is an attempt to interfere with Saeilo's

business relationship with its consumers and to trade on Saeilo's goodwill.

65. As a result of Defendant's conduct, Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks. Unless Defendant is permanently enjoined from further unfair competition, Saeilo will continue to suffer irreparable harm.

66. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

67. Defendant's unfair competition has caused Saeilp to incur damages, including but not limited to, Defendant's profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

## COUNT VI
## CONVERSION UNDER IND. CODE § 35-43-4-3

68. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

69. Defendant knowingly or intentionally exerted unauthorized control over the property of Saeilo, namely the Tommy Gun marks, by making unauthorized use of the Tommy Gun marks in the advertisement and sale of replica firearms.

70. Defendant knowingly or intentionally exerted unauthorized control over Saeilo's intangible property, namely the Tommy Gun marks and Saeilo's goodwill associated with the Tommy Gun marks.

71. Saeilo's goodwill is valuable property.

72. The Tommy Gun marks, including all federal and state registered trademarks and common law trade dress, whether tangible or intangible, are valuable property.

73. As the owner of the Tommy Gun marks and Saeilo's goodwill, Saeilo alone has the right to control and authorize the use of the Tommy Gun marks and Saeilo's goodwill.

74. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Saeilo's property through the advertisement and sale of products that make unauthorized use of the Tommy Gun marks.

75. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Saeilo's property for Defendant's own use and benefit and in exclusion and defiance of Saeilo's rights in Saeilo's property interests.

76. Defendant sold items bearing the Tommy Gun marks without Saeilo's consent and in a manner or to an extent other than that to which Saeilo had consented.

77. Defendant misappropriated the Tommy Gun marks and Saeilo's goodwill for its own use and benefit and interfered with Saeilo's control over the Tommy Gun marks and Saeilo's goodwill.

78. As a result of Defendant's conversion, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VII
## FORGERY UNDER IND. CODE § 35-43-5-2(b)

79. Saeilo incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

80. All advertisements and/or packaging associated with Defendant's replica firearm products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification are written instruments under Ind. Code § 35-43-5-1(s).

81. Defendant's replica firearm products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of

value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

82. Defendant, with intent to defraud, made, uttered, and/or possessed a written instrument, namely the Defendant's replica firearms, advertisements and/or associated packaging in such a manner that it purports to have been made by Saeilo.

83. Defendant was not given the authority to make or possess the infringing items by Saeilo or anyone acting on behalf of Saeilo.

84. As a result of Defendant's forgery, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT VIII**
**COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)**

85. Saeilo incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

86. All advertisements and/or packaging associated with Defendant's replica firearm products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification are written instruments under Ind. Code § 35-43-5-1(s).

87. Defendant's replica firearm products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

88. Defendant made, uttered, and/or possessed a written instrument, namely the Defendant's replica firearms, advertisements and/or associated packaging in such a manner that it

11

purports to have been made by Saeilo.

89. Defendant was not given the authority to make or possess the infringing items by Saeilo or anyone acting on behalf of Saeilo.

90. As a result of Defendant's counterfeiting, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT IX
## THEFT UNDER IND. CODE § 35-43-4-2

91. Saeilo incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

92. Defendant knowingly or intentionally exerted unauthorized control over the Tommy Gun marks with intent to deprive Saeilo of a part of its value and use by making unauthorized use of the Tommy Gun marks in the advertisement and sale of certain replica firearm products.

93. Defendant knowingly or intentionally exerted unauthorized control over Saeilo's intangible property, namely the Tommy Gun marks and Saeilo's goodwill associated with the Tommy Gun marks.

94. Saeilo's goodwill is valuable property.

95. The Tommy Gun marks, including all federal and state registered trademarks and common law trade dress, whether tangible or intangible, are valuable property.

96. As the owner of the Tommy Gun marks and Saeilo's goodwill, Saeilo alone has the right to control and authorize the use of the Tommy Gun marks and Saeilo's goodwill.

97. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Saeilo's property through the advertisement and sale of products that

make unauthorized use of the Tommy Gun marks.

98. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Saeilo's property for Defendant's own use and benefit and in exclusion and defiance of Saeilo's rights in Saeilo's property interests.

99. Defendant sold items bearing the Tommy Gun marks without Saeilo's consent and in a manner or to an extent other than that to which Saeilo had consented.

100.    Defendant misappropriated the Tommy Gun marks and Saeilo's goodwill for its own use and benefit and interfered with Saeilo's control over the Tommy Gun marks and Saeilo's goodwill.

101. As a result of Defendant's theft, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

**COUNT X**
**STATE TRADEMARK INFRINGEMENT UNDER IND. CODE § 24-2-1-13**

102. Saeilo incorporates herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

103. Defendant has used, without the consent of Saeilo, reproductions, counterfeits, copies or colorable imitations of the Tommy Gun marks.

104. Defendant's use of the Tommy Gun marks in connection with the sale, offering for sale, or advertising of goods is likely to cause confusion or mistake or to deceive as to the source or origin of such goods.

105. Defendant has reproduced, counterfeited, copied or colorably imitated the Tommy Gun marks and applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used upon or in conjunction with the sale or distribution in

the State of Indiana of such goods.

106. Defendant's use of the Tommy Gun marks creates the likelihood of confusion, mistake and/or deception among consumers.

107. Defendant willfully infringed upon the trademark rights of Saeilo.  Defendant intended to confuse, mistake or deceive consumers.

108. Defendant used the reproductions of the Tommy Gun marks with knowledge that the marks were copies and/or counterfeits.

109. Consumers were initially interested and lured to the infringing items by the similarity to the Tommy Gun marks.

110. As a result of Defendant's infringement, Saeilo has suffered irreparable harm to valuable Tommy Gun marks.   Unless Defendant is permanently enjoined from further infringement, Saeilo will continue to suffer irreparable harm.

111. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

112.      As a result of Defendant's infringement under Ind. Code § 24-2-1-13, Saeilo has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## F. PRAYER FOR RELIEF

WHEREFORE, Saeilo prays for relief against the Defendant as follows:

a.      That Defendant, its officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendant, and each and all of them, be permanently enjoined

14

from:

(i) Imitating, copying, reproducing, or using, in any manner, the Tommy Gun marks, or any other mark confusingly similar to the Tommy Gun marks;

(ii) Committing any act that dilutes or is likely to dilute the distinctiveness of the Tommy Gun marks;

(iii) Committing any act that is likely to create the impression that Defendant's business or products are in any way sponsored by, approved of or otherwise affiliated or connected with Saeilo;

(iv) Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any Tommy Gun trademark or trade dress; and

(v) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b. That Defendant be required to:

(i) Deliver to Saeilo for destruction all goods and materials bearing the Tommy Gun marks which Defendant has in its possession;

(ii) Recall and deliver to Saeilo for destruction all goods and materials bearing the Tommy Gun marks that have been previously distributed or sold;

(iii) Pay compensatory damages to Saeilo in an amount to be determined at trial for the injuries Saeilo has sustained as a consequence of the acts

15

complained of;

(iv)   Pay Saeilo treble damages, or alternatively, Defendant's profits trebled, whichever is greater;

(v)   Pay all of Saeilo's litigation expenses, including reasonable attorneys' fees and costs of this action;

(vi)   Pay interest to Saeilo, including pre-judgment interest on the foregoing sums; and

(vii)   File with this Court and serve on Saeilo an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's orders.

c.   That Saeilo be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL JURY

Saeilo hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

Darlene R. Seymour
Attorney # 23133-49

By: _____

Continental Enterprises
1292 E. 91st Street
Indianapolis, IN  46240

16

# EXHIBIT A

JUL-13-2011  12:52PM   FROM-WILLIAM W HAEFLIGER        626-449-0520      T-128   P.021/033   F-430



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jun 21 04:36:28 EDT 2011*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

[ Logout ]  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |  ( Use the "Back" button of the Internet Browser to return to TESS)

## Typed Drawing

| | |
|---|---|
| **Word Mark** | TOMMY GUN |
| **Goods and Services** | IC 013. US 002 009. G & S: Firearms. FIRST USE: 19190000. FIRST USE IN COMMERCE: 19200000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78398303 |
| **Filing Date** | April 19, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 29, 2004 |
| **Registration Number** | 2885628 |
| **Registration Date** | September 21, 2004 |
| **Owner** | (REGISTRANT) Saeilo, Inc. CORPORATION DELAWARE 630 Route 303 Blauvelt NEW YORK 10913 |
| | (LAST LISTED OWNER) SAEILO ENTERPRISES, INC. CORPORATION ONE BLUE HILL PLAZA PO BOX 1518 PEARL RIVER NEW YORK 10965 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | James A Borer |
| **Prior Registrations** | 1360435 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GUN" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|-HOME | SITE INDEX| SEARCH | oBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT B

JUL-13-2011  12:52PM   FROM-WILLIAM W HAEFLIGER          626-449-0520        T-128   P.024/033   F-430

# State of Indiana
## Office of the Secretary of State
## CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

SAEILO ENTERPRISES, INC.                          DE Corporation
PO BOX 1518
ONE BLUE HILL PLAZA
PEARL RIVER, NY 10965 USA

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### Design Only (attached)

This mark is used in connection with the following:  APPAREL SUCH AS TOPS, BOTTOMS, AND HATS. -

Class of Merchandise: 25                    FILE No. 2009-0436
Date of Registration: 7/6/2009              Date of Expiration: 7/5/2014
Date of first use in the United States: 3/1/2007    Date of first use in Indiana: 3/1/2007



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on July 6, 2009

_____
Todd Rokita                    Secretary of State

Certificate Number: 20091707-13956
Page 1 of 2

JUL-13-2011  12:52PM   FROM-WILLIAM W HAEFLIGER          626-449-0520      T-128  P.025/033  F-430



# State of Indiana
## Office of the Secretary of State
### CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

SAEILO ENTERPRISES, INC.                          DE Corporation
PO BOX 1518
ONE BLUE HILL PLAZA
PEARL RIVER, NY 10965 USA

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### Design Only (attached)

This mark is used in connection with the following:  GUNS

Class of Merchandise: 13                    FILE No. 2009-0437
Date of Registration: 7/6/2009             Date of Expiration: 7/5/2014
Date of first use in the United States: 1/1/1919   Date of first use in Indiana: 1/1/1919



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on July 6, 2009

Todd Rokita          Secretary of State

Certificate Number: 2009)707-13957
Page 1 of 2



# State of Indiana
## Office of the Secretary of State
## CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

SAEILO ENTERPRISES, INC.                                    DE Corporation
PO BOX 1518
ONE BLUE HILL PLAZA
PEARL RIVER, NY 10965 USA

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### Design Only (attached)

This mark is used in connection with the following: TOY GUNS

Class of Merchandise: 28                          FILE No. 2009-0438
Date of Registration: 7/6/2009                    Date of Expiration: 7/5/2014
Date of first use in the United States: 1/1/2008   Date of first use in Indiana: 1/1/2008



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on July 6, 2009

Todd Rokita                           Secretary of State

Certificate Number: 20090707-13958
Page 1 of 2

# EXHIBIT C

- Home
- Purchase
- Accessories
- About Us
- Instructions
- FAQ's
- Links
- Contact Us

Home | View Cart | Checkout | My Account | Wish List







**Updated January 2011**

## Now you can take your Ruger® 10/22 to the next level of fun!

Here it is, the Fun Gun Kit to give the Ruger® 10/22 ® rifle the look and handling of this classic! Enjoy the great old time feel while shooting inexpensive .22LR ammo instead of expensive center fire ammo.

This is a quality kit made from billet Aluminum, Steel, and old-time oil finished American Walnut wood! No machining or changes to your gun are needed. Bolt-together assembly is all that is needed. Your gun can be returned to its original style at any time.

Update: Brand new is the Pistol Kit for the Ruger Charger! Get the super-shorty look using your original Charger barreled action This Kit is for the Charger only and should not be installed on a 10/22 rifle.

Two kits are available, the "Chicago" for that 1920-30's classic look, and the "Squad Leader" for the war years look.



"Chicago" - Shown with optional Dummy Drum Magazine Extension - $319.95



"Squad Leader" - Shown with optional Dummy Stick Magazine Extension - $299.95



"Pistol" Model - Shown with optional Dummy Drum Magazine - $249.95

(See Accessories Page for Dummy Mag extension details)

http://www.1022fungun.com/store/pc/home.asp

6/21/2011

## The "Chicago" Kit Includes:

- Milled-from-Billet Aluminum Receiver Extension
- Three Piece Real Walnut Wood Stock Set (Butt Stock, Rear Grip, Vertical Front Grip)
- Front Grip Mounting Extension and Cover
- Butt Plate
- Rear Peep Sight ( Long)
- Muzzle Tip
- All needed hardware and hex wrench set
- Easy-to-follow Instructions

## The "Squad Leader" Kit Includes:

- Milled-from-Billet Aluminum Receiver Extension
- Three Piece Real Walnut Wood Stock Set (Butt Stock, Rear Grip, Horizontal Front Grip)
- Front Grip Mounting Extension and Cover
- Butt Plate
- Rear Peep Sight (Short)
- All needed hardware and hex wrench set
- Easy-to-follow Instructions

### RUGER 10/22 RIFLE, CHARGER PISTOL AND MAGAZINES ARE NOT INCLUDED WITH THE KIT!

See "Links" for some of the many suppliers of other magazines. High-capacity magazines may not be legal in all areas. Due to consent changes, always check your current local laws and regulations before ordering.

Ruger®, Charger®, and 1022® are Registered Trademarks of Sturm Ruger Co.

### Patent Pending

## Fun Gun Kit Details:

- 100% Made in USA
- All components are CNC computer machined to exacting tolerances for a perfect fit.
- Fits all Ruger®10/22 models from 1964 to present and most clones.
- Assembled in minutes with common hand tools
- The kit can be removed or re-installed and your rifle easily returned to its original stock.
- Black Powder Coat finish on all metal parts matches your rifle.
- Genuine Walnut wood stock pieces are oil finished the old-time way
- Slip-on Muzzle Tip with Chicago Kit gives that compensated .45 bore-diameter look
- Rear Sight is adjustable for windage.
- Original and all high capacity magazines can be used.
- 37" Overall Length with 16" barrel installed and butt stock removed.



Legal in California and Connecticut.
No export of the Kits outside the USA is possible at this time.



6/21/2011

JUL-13-2011  12:54PM   FROM-WILLIAM W HAEFLIGER                    626-449-0520              T-128   P.032/033   F-430

Home | Login | Contact Us | Advanced Search | View Cart | Wish List
1022FunGun.com © Copyright 2003-2011 All Rights Reserved
Website and Graphic Design by BlackReefDesigns.com

http://www.1022fungun.com/store/pc/home.asp

6/21/2011

JUL-13-2011  12:54PM  FROM-WILLIAM W HAEFLIGER              626-449-0520           T-128  P.033/033  F-430

STATE OF INDIANA      FILED        HAMILTON COUNTY SUPERIOR COURT
                          )          ROOM NO. 1
                          ) SS:
COUNTY OF HAMILTON   )         CAUSE NUMBER:  29D01-1106-PL- 5970
                    2011 JUN 21  PM 9: 19
SAEILO ENTERPRISES, INC.          )
              PEGGY BEAVER    (2)  )
              CLERK             )
          HAMILTON COUNTY COURTS   )
              Plaintiff,          )
                                  )
                                  )
        v.                        )
                                  )
SCOTTWERX, LLC                    )
                                  )
              Defendant.          )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

COMES NOW, Darlene R. Seymour, attorney for Plaintiff, and files her appearance in this matter.

Party Classification:  Initiating __x__       Responding ____       Intervening ____

1. The undersigned attorney and all attorneys listed on this form now appear in this case
   for the following party member(s): Saeilo Enterprises, Inc.

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information
   as required by Trial Rules 3.1 and 77(B) is as follows:

Name:   Darlene R. Seymour                    Attorney Number: 23133-49
Address: 1292 E. 91st Street                  Phone: 317-818-0523
         Indianapolis, IN 46240               FAX: 317-566-2453

3. There are other party members: Yes ___ No __x__

4. *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type
   Under Administrative Rule 8(b)(3): PL as listed above per clerk.

5. I will accept service by FAX at the above noted number: Yes __x__ No _____

6. This case involves support issues. Yes ___ No __x__

7. There are related cases: Yes ___ No __x__

8. This form has been served on all other parties. Certificate of Service is attached:
   Yes __ No __x__

9. Additional information required by local rule: None

                                         Darlene R. Seymour
                                         Atty. No. 23133-49
                                         Attorney for Plaintiff